1  Fred W. Schwinn  (SBN 225575)
   Raeon R. Roulston  (SBN 255622)
2  CONSUMER LAW CENTER, INC.
   12 South First Street, Suite 1014
3  San Jose, California  95113-2418
   Telephone Number: (408) 294-6100
4  Facsimile Number: (408) 294-6190
   Email Address: fred.schwinn@sjconsumerlaw.com
5
   Claire Johnson  (SBN 271691)
6  Kari A. Rudd  (SBN 268288)
   BAY AREA LEGAL AID
7  1735 Telegraph Avenue
   Oakland, CA  94612-2107
8  Telephone Number: (510) 250-5289
   Facsimile Number: (510) 663-4740
9  Email Address: cjohnson@baylegal.org
10
   Attorneys for Plaintiff
11 ALICIA G. SKINNER
12
13        IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
14            SAN FRANCISCO/OAKLAND DIVISION

15 ALICIA G. SKINNER                    Case No. CV13- 0704 NC

16                      Plaintiff,      COMPLAINT

17        v.                            DEMAND FOR JURY TRIAL

18 MOUNTAIN LION ACQUISITIONS, INC.,    15 United States Code § 1692 et seq.
   a California corporation; JUDITH EAST,
19 individually and in her individual capacity;   California Civil Code § 1788 et seq.
   D. SCOTT CARRUTHERS, A              California Financial Code § 22000 et seq.
20 PROFESSIONAL LAW CORPORATION, a     Malicious Prosecution
   California corporation; and DENNIS SCOTT
21 CARRUTHERS, individually and in his
   official capacity,
22
23                      Defendants.

24        Plaintiff, ALICIA G. SKINNER, based on information and belief and investigation of counsel,

25 except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on

26 personal knowledge), hereby makes the following allegations:

27 / / /

28

                              - 1 -
                            COMPLAINT

Filed

FEB 1 9 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Fee paid
SI   (99)

# I. INTRODUCTION

1. This is an action to declare a consumer loan contract void and unenforceable and for actual damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the California Finance Lender Law, Cal. Financial Code § 22000 *et seq.*, which, among other things, prohibits the sale of covered consumer loans to unlicensed persons.

2. This action also seeks actual damages, statutory damages, attorney fees and costs for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. According to 15 U.S.C. § 1692:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

1            e.    It is the purpose of this title to eliminate abusive debt collection practices by

2    debt collectors, to insure that those debt collectors who refrain from using abusive debt

3    collection practices are not competitively disadvantaged, and to promote consistent State action

4    to protect consumers against debt collection abuses.

5

6           4.    The California Legislature has found that:

7          The banking and credit system and grantors of credit to consumers are
      dependent upon the collection of just and owing debts.   Unfair or

8          deceptive collection practices undermine the public confidence which is
      essential to the continued functioning of the banking and credit system

9          and sound extensions of credit to consumers.[1]

10

11          5.    Plaintiff also seeks actual damages and punitive damages for Defendants' bad faith,

12   frivolous filing and malicious prosecution of a sham lawsuit against her.

13   **II. JURISDICTION**

14          6.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and

15   1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

16   Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

17

18          7.    This action arises out of Defendants' violations of the Fair Debt Collection

19   Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

20   **III. VENUE**

21          8.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a

22   substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

23   Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants

24

25   transact business in this judicial district and the violations of the FDCPA complained of occurred in this

26   judicial district.

27   / / /

28   _____
[1] Cal. Civil Code § 1788.1(a)(1).

1

## IV.  INTRADISTRICT ASSIGNMENT

2
3
4
5

9.   This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Contra Costa County.

6

## V.  PARTIES

7
8
9

10.   Plaintiff, ALICIA G. SKINNER (hereinafter "Plaintiff"), is a natural person residing in Contra Costa County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

11.   Defendant, MOUNTAIN LION ACQUISITIONS, INC. (hereinafter "MOUNTAIN LION"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 8448 Katella Avenue, Stanton, California 90680-3215. MOUNTAIN LION may be served as follows: Mountain Lion Acquisitions, Inc., c/o D. Scott Carruthers, Agent for Service, 8448 Katella Avenue, Stanton, California 90680-3215.  The principal business of MOUNTAIN LION is the collection of consumer debts using the mails and telephone and MOUNTAIN LION regularly attempts to collect consumer debts alleged to be originally due another. MOUNTAIN LION is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  Plaintiff is informed and believes, and thereon alleges, that MOUNTAIN LION directed and directly participated in the unlawful activities described herein.  MOUNTAIN LION is vicariously liable to Plaintiff for the acts of D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION, and DENNIS SCOTT CARRUTHERS.[2]

25

12.   Plaintiff is informed and believes, and thereon alleges, that Defendant, JUDITH

26
27
28

[2] See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

EAST (hereinafter "EAST"), is a natural person and is or was an employee, agent, officer and/or director of MOUNTAIN LION at all relevant times. EAST may be served at her current business address at: Judith East, Mountain Lion Acquisitions, Inc., 8448 Katella Avenue, Stanton, California 90680-3215. The principal purpose of EAST's business is the collection of consumer debts due or alleged to be due another. EAST is regularly engaged in the business of collecting consumer debts by utilizing the U.S. Mail, telephone and internet. EAST is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges, that EAST is liable for the acts of MOUNTAIN LION because she sets and approves MOUNTAIN LION collection policies, practices, procedures and she directed and participated in the unlawful activities described herein.

13. Defendant, D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION, (hereinafter "LAW OFFICE"), is a California corporation engaged in the business of collecting consumer debts in this state with its principal place of business located at: 8448 Katella Avenue, Stanton, California 90680-3215. LAW OFFICE may be served as follows: D. Scott Carruthers, APLC, c/o D. Scott Carruthers, Agent for Service, 8448 Katella Avenue, Stanton, California 90680-3215. The principal business of LAW OFFICE is the collection of consumer debts using the mails and telephone and LAW OFFICE regularly attempts to collect consumer debts alleged to be due another. LAW OFFICE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

14. Defendant, DENNIS SCOTT CARRUTHERS (hereinafter "CARRUTHERS"), is a natural person and licensed attorney in the state of California and is or was an officer, director, employee, and/or agent of LAW OFFICE at all relevant times. CARRUTHERS may be served at his current business address at: Dennis Scott Carruthers, D. Scott Carruthers, APLC, 8448 Katella Avenue,

1  Stanton, California 90680-3215. The principal purpose of CARRUTHERS's business is the collection

2  of consumer debts due or alleged to be due another. CARRUTHERS is regularly engaged in the

3  business of collecting consumer debts by filing and maintaining numerous civil debt collection lawsuits

4
5  on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and

6  internet. CARRUTHERS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

7       15.    At all times herein mentioned, each of the Defendants was an officer, director,

8  agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said

9  times, each Defendant was acting in the full course and scope of said office, directorship, agency,

10
11  service, employment and/or joint venture. Any reference hereafter to "Defendants" without further

12  qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

13                    **VI. FACTUAL ALLEGATIONS**

14       16.    On or about July 13, 2006, Plaintiff is alleged to have incurred a financial

15  obligation, namely a consumer credit account issued by CashCall, Inc. (hereinafter "the debt"). The

16
17  debt was primarily for personal, family or household purposes and is therefore a "debt" as that term is

18  defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code §

19  1788.2(f),

20       17.    At all relevant times, CashCall, Inc., was a "licensee" as that term is defined by

21  Cal. Financial Code § 22007 and a "finance lender" as that term is defined by Cal. Financial Code §

22  22009.

23
24       18.    The debt is a "consumer loan" within the meaning of Cal. Financial Code § 22203.

25       19.    The debt was made pursuant to the California Finance Lender Law, Cal. Financial

26  Code § 22000 *et seq*.

27       20.    Plaintiff is informed and believes, and thereon alleges, that on a date unknown to

28

- 6 -
COMPLAINT

1  Plaintiff, the debt is alleged to have been sold, assigned or otherwise transferred to Defendant,

2  MOUNTAIN LION ACQUISITIONS, INC.

3         21.    On or about February 23, 2012, Defendants filed a lawsuit against Plaintiff in the

4
5  Superior Court of California, Contra Costa County captioned *Mountain Lion Acquisitions, Inc. v. Alicia*

6  *G. Skinner, et al.*, Case No. CIVMSL12-01150 (hereinafter the "*Mountain Lion v. Skinner* complaint"),

7  which sought to collect $2,141.31 in damages.

8         22.    A true and accurate copy of the *Mountain Lion v. Skinner* complaint is attached

9  hereto, marked Exhibit "1," and by this reference is incorporated herein.

10         23.    Plaintiff is informed and believes, and thereon alleges, that the *Mountain Lion v.*

11
12  *Skinner* complaint was drafted by CARRUTHERS, approved and/or ratified by EAST on behalf of

13  MOUNTAIN LION, and signed by CARRUTHERS on behalf of MOUNTAIN LION and LAW

14  OFFICE.

15         24.    As a result of the *Mountain Lion v. Skinner* complaint (Exhibit "1"), Plaintiff was

16  required to engage legal counsel to represent her, thereby incurring actual damages in the form of
17
18  attorney fees and costs.[3]

19         25.    Plaintiff is informed and believes, and thereon alleges, that MOUNTAIN LION is

20  not and has never been a "licensee" as that term is defined by Cal. Financial Code § 22007.

21         26.    Plaintiff is informed and believes, and thereon alleges, that MOUNTAIN LION is

22  not and has never been a "finance lender" as that term is defined by Cal. Financial Code § 22009.

23         27.    Plaintiff is informed and believes, and thereon alleges, that MOUNTAIN LION is
24
25  not and has never been an "institutional investor" as that term is defined by Cal. Financial Code §

26  ---
[3] See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred
27  defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1),
   and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS
28  8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court
   action as actual damages under 15 U.S.C. § 1692k).

1  22340(b).

2       28.   Plaintiff is informed and believes, and thereon alleges, that CashCall, Inc.,

3  willfully violated Cal. Financial Code § 22340(a) by selling the promissory note evidencing Plaintiff's

4  obligation to repay a "consumer loan" made by a "licensee" pursuant to the California Finance Lender

5  Law.

6

7       29.   Plaintiff is informed and believes, and thereon alleges, that MOUNTAIN LION

8  willfully violated Cal. Financial Code § 22340(a) by purchasing the promissory note evidencing

9  Plaintiff's obligation to repay a "consumer loan" made by a "licensee" pursuant to the California

10  Finance Lender Law.

11

12       30.   As a result of CashCall, Inc.'s, willful violation of Cal. Financial Code § 22340(a),

13  the debt is void and noncollectable, pursuant to Cal. Financial Code § 22750(b).

14       31.   As a result of MOUNTAIN LION's willful violation of Cal. Financial Code §

15  22340(a), the debt is void and noncollectable, pursuant to Cal. Financial Code § 22750(b).

16       32.   Plaintiff is informed and believes, and thereon alleges, that Defendants attempted

17  to collect the debt from Plaintiff, an action that cannot lawfully be taken.

18

19       33.   Plaintiff is informed and believes, and thereon alleges, that Defendants

20  misrepresented the character, amount or legal status of the debt in the *Mountain Lion v. Skinner*

21  complaint.

22       34.   Plaintiff is informed and believes, and thereon alleges, that Defendants attempted

23  to collect a debt that was known by Defendants to be void and noncollectable.

24

25       35.   Plaintiff is informed and believes, and thereon alleges, that Defendants attempted

26  to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the

27  agreement creating the debt or otherwise permitted by law.

28

36.     Plaintiff is informed and believes, and thereon alleges, that Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the debt.

37.     On January 11, 2013, Defendants unilaterally dismissed the *Mountain Lion v. Skinner* complaint when the case was called for trial before the Honorable David B. Flynn.

38.     As a result of Defendants' abusive debt collection practices, Plaintiff has incurred actual damages in an amount to be determined at trial.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

39.     Plaintiff brings the first claim for relief against all Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

40.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

41.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

42.     Defendant, MOUNTAIN LION, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

43.     Defendant, EAST, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

44.     Defendant, LAW OFFICE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

45.     Defendant, CARRUTHERS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

1        46.   The financial obligation Defendants sought to collect from Plaintiff is a "debt" as

2    that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

3        47.   Defendants have violated the FDCPA.  The violations include, but are not limited

4    to, the following:

5

6        a.   Defendants made and used false, deceptive and misleading representations

7    in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

8        b.   Defendants misrepresented the character, amount or legal status of the debt,

9    in violation of 15 U.S.C. § 1692e(2)(A);

10

11       c.   Defendants misrepresented the compensation which may be lawfully

12   received by Defendants for the collection of the debt, in violation of 15 U.S.C. § 1692e(2)(B);

13       d.   Defendants attempted to collect the debt from Plaintiff, an action that cannot

14   lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

15       e.   Defendants misrepresented that MOUNTAIN LION was lawfully entitled to

16   collect the debt from Plaintiff, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

17

18       f.   Defendants attempted to collect a debt that was known by Defendants to be

19   void and noncollectable, in violation of 15 U.S.C. § 1692f; and

20       g.   Defendants attempted to collect interest, fees or other charges from Plaintiff

21   that were not expressly authorized by the agreement creating the debt or otherwise permitted by

22   law, in violation of 15 U.S.C. § 1692f(1).

23

24       48.   Defendants' acts as described above were done intentionally with the purpose of

25   coercing Plaintiff to pay the debt.

26       49.   As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

27   award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.

28

- 10 -
COMPLAINT

1  § 1692k.

2  **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

3
4      50.    Plaintiff brings the second claim for relief against all Defendants, except
5  CARRUTHERS, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil
6  Code §§ 1788-1788.33.

7      51.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth
8  herein.

9      52.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §
10
11  1788.2(h).

12      53.    Defendant, MOUNTAIN LION, is a "debt collector" as that term is defined by the
13  RFDCPA, Cal. Civil Code § 1788.2(c).

14      54.    Defendant, EAST, is a "debt collector" as that term is defined by the RFDCPA,
15  Cal. Civil Code § 1788.2(c).

16      55.    Defendant, LAW OFFICE, is a "debt collector" as that term is defined by the
17
18  RFDCPA, Cal. Civil Code § 1788.2(c).

19      56.    The financial obligation Defendants sought to collect from Plaintiff is a "consumer
20  debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

21      57.    Defendants have violated the RFDCPA.   The violations include, but are not
22  limited to, the following:
23
24          a.    Defendants made and used false, deceptive and misleading representations
25  in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[4]

26          b.    Defendants misrepresented the character, amount or legal status of the debt,
27

28  _____
   [4] 15 U.S.C. §§ 1692e and 1692e(10).

in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17;[5]

       c.   Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the debt, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17;[6]

       d.   Defendants attempted to collect the debt from Plaintiff, an action that cannot lawfully be taken, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17;[7]

       e.   Defendants misrepresented that MOUNTAIN LION was lawfully entitled to collect the debt from Plaintiff, in violation of Cal. Civil Code §§ 1788.13(l) and 1788.17;[8]

       f.   Defendants attempted to collect a debt that was known by Defendants to be void and noncollectable, in violation of Cal. Civil Code § 1788.17;[9] and

       g.   Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17.[10]

     58.   Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

     59.   As a result of Defendant' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

     60.   As a result of Defendant' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor

---

[5] 15 U.S.C. § 1692e(2)(A).
[6] 15 U.S.C. § 1692e(2)(B).
[7] 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).
[8] 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).
[9] 15 U.S.C. § 1692f.
[10] 15 U.S.C. § 1692f(1).

greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

61.     As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.17.[11]

62.     As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[12]

63.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## CALIFORNIA FINANCE LENDER LAW

64.     Plaintiff brings the third claim for relief against all Defendants for declaratory relief under the California Finance Lender Law, Cal. Financial Code § 22000 *et seq.*

65.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

66.     At all relevant times, CashCall, Inc., was a "licensee" as that term is defined by Cal. Financial Code § 22007 and a "finance lender" as that term is defined by Cal. Financial Code § 22009.

67.     The debt is a "consumer loan" within the meaning of Cal. Financial Code § 22203.

68.     The debt was made pursuant to the California Finance Lender Law, Cal. Financial Code § 22000 *et seq.*

69.     Plaintiff is informed and believes, and thereon alleges, that on a date unknown to

---

[11]  15 U.S.C.§ 1692k(a)(2)(A).
[12]  15 U.S.C.§ 1692k(a)(3).

Plaintiff, the debt is alleged to have been sold, assigned or otherwise transferred to Defendant, MOUNTAIN LION.

70.     Defendant, MOUNTAIN LION, is not and has never been a "licensee" as that term is defined by Cal. Financial Code § 22007.

71.     Defendant, MOUNTAIN LION, is not and has never been a "finance lender" as that term is defined by Cal. Financial Code § 22009.

72.     Defendant, MOUNTAIN LION, is not and has never been an "institutional investor" as that term is defined by Cal. Financial Code § 22340(b).

73.     Plaintiff is informed and believes, and thereon alleges, that CashCall, Inc., willfully violated Cal. Financial Code § 22340(a) by selling the promissory note evidencing Plaintiff's obligation to repay a "consumer loan" made by a "licensee" pursuant to the California Finance Lender Law to Defendant, MOUNTAIN LION.

74.     Plaintiff is informed and believes, and thereon alleges, that Defendant, MOUNTAIN LION, willfully violated Cal. Financial Code § 22340(a) by purchasing from CashCall, Inc., the promissory note evidencing Plaintiff's obligation to repay a "consumer loan" made by a "licensee" pursuant to the California Finance Lender Law.

75.     As a result of CashCall, Inc.'s, willful violation of Cal. Financial Code § 22340(a), the debt is void and noncollectable, pursuant to Cal. Financial Code § 22750(b).

76.     As a result of Defendant, MOUNTAIN LION's, willful violation of Cal. Financial Code § 22340(a), the debt is void and noncollectable, pursuant to Cal. Financial Code § 22750(b).

77.     Plaintiff seeks, and is entitled to, a declaration that she is not obligated on any claim of Defendants', or to any of their assignees or purchasers, pursuant to 28 U.S.C § 2201, Fed. R. Civ. P. 57, and Cal. Financial Code § 22750(b).

78.     Plaintiff seeks, and is entitled to, an preliminary and permanent injunction restraining Defendants from collecting or attempting to collect the debt from Plaintiff, pursuant to Fed. R. Civ. P. 65.

79.     Plaintiff seeks a declaratory judgment against Defendants to establish that the debt is void and noncollectable, pursuant to 28 U.S.C § 2201, Fed. R. Civ. P. 57, and Cal. Financial Code § 22750(b).

## MALICIOUS PROSECUTION

80.     Plaintiff brings the fourth claim for relief against all Defendants for common law malicious prosecution.

81.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

82.     Defendants herein, prepared and filed a baseless, meritless lawsuit against Plaintiff.

83.     Defendants herein were all actively involved in bringing and/or maintenance of the wrongful underlying lawsuit.

84.     Defendants were on notice that a lawsuit, based on the circumstances herein, was a "sham."

85.     No reasonable person in Defendants' circumstances would have believed that there were reasonable grounds to bring, and/or maintain, the baseless lawsuit against Plaintiff.

86.     Defendants herein acted primarily for a purpose other than succeeding on the merits of the case, including to gain leverage to extort money in an attempt to collect a debt from Plaintiff.

87.     Plaintiff was harmed, and suffered the panoply of psychological pressures one is

1 | expected to experience when wrongfully sued.

2 |       88.    Defendants' actions, conduct, and inaction actually and proximately caused and

3 | were a substantial factor in causing Plaintiff emotional distress.

4 |       89.    Defendants above acted with conscious disregard of the rights and safety of

5 | Plaintiff, and reckless indifference regarding Plaintiff and and the merits of its lawsuit.

7 |       90.    It was clearly foreseeable that Defendants' wrongful actions, conduct, and inaction

8 | could cause harm and severe emotional distress.

9 | **PUNITIVE DAMAGES**

10 |       91.    Plaintiff is informed and believes, and thereon alleges, that Defendants' conduct

11 |

12 | was fraudulent, malicious, reprehensible, despicable and oppressive and was intended to harm Plaintiff.

13 |       92.    Plaintiff is informed and believes, and thereon alleges, that an officer, director or

14 | managing agent of Defendants authorized, approved and ratified Defendants' wrongful and unlawful

15 | acts described herein.

16 |       93.    It is the pattern and practice, and intentional business plan of Defendants to ignore

17 |

18 | and disregard the rights of consumers such as Plaintiff.   This conduct has the natural consequence to

19 | annoy, harass, oppress and abuse.

20 |       94.    Defendants are liable for reasonable punitive damages in an amount sufficient to

21 | punish and educate Defendants and to educate other businesses engaged in similar activities that the

22 | courts and juries of California will not tolerate such conduct in California.

23 | **VIII. REQUEST FOR RELIEF**

24 |

25 |   Plaintiff requests that this Court:

26 |     a) Assume jurisdiction in this proceeding;

27 |     b) Declare that Plaintiff is not obligated on the debt to Defendants, or to any of their

28 |

assignees or purchasers, pursuant to 28 U.S.C § 2201, Fed. R. Civ. P. 57, and Cal. Financial Code § 22750(b);

c) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1);

d) Declare that Defendants, except CARRUTHERS, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(e), 1788.13(l), 1788.14(b), and 1788.17;

e) Enter a preliminary and a permanent injunction restraining Defendants from collecting or attempting to collect the debt from Plaintiff, pursuant to Fed. R. Civ. P. 65 and Cal. Financial Code § 22750(b);

f) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

g) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

h) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, except CARRUTHERS, pursuant to Cal. Civil Code § 1788.30(b);

i) Award Plaintiff statutory damages in an amount not to exceed $1,000 against each Defendant, except CARRUTHERS, pursuant to Cal. Civil Code § 1788.17;[13]

j) Award Plaintiff actual damages and punitive damages in an amount to be determined at trial for Defendants' malicious prosecution of Plaintiff;

k) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

[13] 15 U.S.C. § 1692k(a)(2)(A).

- 17 -
COMPLAINT

1       U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[14] and 1788.30(c); and

2      l)  Award Plaintiff such other and further relief as may be just and proper.

3

                              CONSUMER LAW CENTER, INC.

4

5  Dated: February 19, 2013                By: /s/ Fred W. Schwinn

6                                 Fred W. Schwinn  (SBN 225575)
                                  Raeon R. Roulston  (SBN 255622)

7                                 CONSUMER LAW CENTER, INC.
                                  12 South First Street, Suite 1014

8                                 San Jose, California  95113-2418
                                  Telephone Number: (408) 294-6100

9                                 Facsimile Number: (408) 294-6190

10                                Email Address: fred.schwinn@sjconsumerlaw.com

11                                Claire Johnson  (SBN 271691)
                                  Kari A. Rudd  (SBN 268288)

12                                BAY AREA LEGAL AID
                                  1735 Telegraph Avenue

13                                Oakland, CA  94612-2107
                                  Telephone Number: (510) 250-5289

14                                Facsimile Number: (510) 663-4740

15                                Email Address: cjohnson@baylegal.org

16                                Attorneys for Plaintiff

17                                ALICIA G. SKINNER

18                **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

19     Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

20 parties, there is no such interest to report.

21                                /s/ Fred W. Schwinn

22                                Fred W. Schwinn, Esq.

23                       **DEMAND FOR JURY TRIAL**

24     PLEASE TAKE NOTICE that Plaintiff, ALICIA G. SKINNER, hereby demands a trial by jury

25 of all triable issues of fact in the above-captioned case.

26

27                                /s/ Fred W. Schwinn
                                  Fred W. Schwinn, Esq.

28 ────────────────
[14] 15 U.S.C. § 1692k(a)(3).

                             - 18 -
                           COMPLAINT

1    D. Scott Carruthers, State Bar #68745
     Attorney At Law
2    8448 Katella Avenue/PO Box 228
     Stanton, California 90680
3    (714) 761-3976
     Fax: (714) 761-1754
4

F I L E D

FEB 2 3 2012

K TORRE, CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____ P. BAUTISTA
                . Deputy Clerk

5    Attorney for Plaintiff

PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO
DEPT _____ b

6

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA          SUMMONS ISSUED

9                       COUNTY OF CONTRA COSTA

10

11   MOUNTAIN LION ACQUISITIONS, INC.        ) Case Number:    L 12 - 01 150

12          Plaintiff,                       ) COMPLAINT FOR MONEY

13          vs.                              )    $2,141.31

14                                           ) LIMITED CIVIL CASE
     ALICIA G SKINNER                        )
15   And DOES 1 through 10, inclusive        )

16          Defendant(s).                    )

17

18

19   COMES NOW PLAINTIFF, and a cause of action against defendants, and each of them, alleges

20   as follows:

21           FOR A FIRST CAUSE OF ACTION PLAINTIFF ALLEGES:

22       1.    Plaintiff is unaware of the true names of Defendants herein sued by for fictitious

23   names of DOES 1 through 10, inclusive, and therefore sues those Defendants by those fictitious

24   names under, pursuant to, and in accordance with provisions of Section 474 of the Code of Civil

25   Procedure.

26       2.    That Plaintiff is now and at all times alleged a corporation in good standing, duly

27   organized and existing under and by virtue of the laws of the State of California.

28

                                   1
                          COMPLAINT FOR MONEY


EXHIBIT
1

1    3.   That this Judicial District is the proper venue for this action because defendants

2  reside in the within Judicial District, and/or the debt was incurred and/or is payable in the within

3  Judicial District.

4    4.   That within the last four years, defendant(s), and each of them, became indebted to

5  Cash Call  when they borrowed money and failed to pay the money back as agreed.  The money

6  was borrowed pursuant to a written agreement.  See attached Exhibit A. The actual loan was

7  transacted through the internet and was consummated when defendant accepted the loan

8  proceeds in his/her checking account.

9    5.   Subsequent thereto, and for valuable consideration plaintiff purchased the

10  indebtedness owed to Cash Call and is now the lawful holder and owner of defendant(s)'

11  indebtedness.

12    6.   That within four (4) years last past, defendants, and each of them jointly and severally

13  became indebted to plaintiff's predecessor in the sum of $ 2,141.31 an open book account. Said

14  open book account does not fall under the provisions of the Rees-Levering Act or Motor

15  Vehicle Sales and Finance Act.

16    7.   That although demand for payment of said sum has been made, defendants, and each

17  of them, have failed to pay said amount, and the whole thereof is now due, owing and unpaid.

18    FOR A SECOND CAUSE OF ACTION PLAINTIFF ALLEGES:

19    8.   That plaintiff repeats, realleges, and incorporates by this reference, each and every

20  allegation contained in the First Cause of Action as though fully set forth herein.

21    9.   That on or about, 1/25/08, and at other times, there was an account stated as between

22  plaintiff's predecessor and defendant(s), and each of them, upon which account stated the sum

23  of $ 2,141.31was agreed upon as the balance due plaintiff's predecessor.

24    FOR A THIRD CAUSE OF ACTION PLAINTIFF ALLEGES:

25    10.  That plaintiff repeats, realleges, and incorporates by this reference, each and every

26  allegation contained in the First Cause of Action as though fully set forth herein.

27    11.  That within four (4) years last past, defendant(s) ALICIA G SKINNER, and each of

28  them became indebted to plaintiff's predecessor for money paid, laid out, and expended to or for

2

COMPLAINT FOR MONEY

1    as at defendant(s)' request and for work, labor, services and materials rendered at the special

2    instance and request of defendant(s) and for which defendant(s) and each of them promised to

3    pay plaintiff's predecessor the sum of $ 2,141.31.  No part of that sum has been paid, although

4    demand thereof has been made.

5         12.  That defendants, and each of them, agreed that should an attorney or collection agent

6    be retained to collect any past due monies, the defendant would pay reasonable attorneys fees.

7    Attorneys fees have been incurred by plaintiff when plaintiff retained the Law Offices of D.

8    Scott Carruthers to file this lawsuit.

9    WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

10        1.  For $2,141.31, principal;

11        2.  For interest thereon at the rate of  47.00 % per annum from 06/15/2009;

12        3.  For reasonable attorney fees of $564.13;

13        4.  For costs of suit incurred herein; and

14        5.  For such other and further relief as the court deems just and proper.

15

16

17   Dated: February 16, 2012                                    /s/

18   _____

19                                        D. SCOTT CARRUTHERS,
                                          Attorney for Plaintiff

20

21

22

23

24

25

26

27

28

                                    3

                          COMPLAINT FOR MONEY

file:///cashcallbackup/331151/NOTE_331151.htm

Loan Document

## CASHCALL PROMISSORY NOTE AND DISCLOSURE STATEMENT

Account No.: 331151
Lender:     CashCall, Inc.
Address:    17360 Brookhurst Street
            Fountain Valley, CA 92708

Date of Note: July 13, 2006
Borrower:    ALICIA G SKINNER-FRELOT
Address:     139 15TH ST
             RICHMOND, CA 94801

### TRUTH IN LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost YOU | AMOUNT FINANCED The amount of credit provided to YOU | TOTAL OF PAYMENTS The amount you will have paid after all payments are made as scheduled |
|---|---|---|---|
| 99.24 % | $6,693.84 | $2,525.00 | $9,218.84 |

### PAYMENT SCHEDULE

You will make one payment of $124.80 on August 01, 2006.

You will make 42 monthly payments of $216.55 beginning on September 01, 2006.

**Late Charge:** If a payment is late, you will be charged $15.00.

**Prepayment:** If you pay off this loan early, you will not have to pay any penalty.

Please see the remainder of this document for additional information about nonpayment, default and any required repayment in full before the scheduled date.

### ITEMIZATION OF AMOUNT FINANCED

| | |
|---|---|
| Amount Financed: | $2,525.00 |
| Amount Paid to Borrower Directly: | $2,525.00 |

 EXHIBIT A

/cashcallbackup/331151/NOTE_331151.htm

| Prepaid Finance Charge/Origination Fee: | $75.00 |
|---|---|

In this Promissory Note & Disclosure Statement ("Note"), the words "I" and "me" mean the person signing as a borrower. The boxed-in disclosures above are part of the terms and conditions of your agreement with us.

FOR VALUE RECEIVED, I promise to pay to the order of CashCall, Inc., or any subsequent holder of this Note (the "Holder"), the sum of **$2,600.00**, together with interest calculated at **96.00 %** and any outstanding charges or late fees, until the full amount of this Note is paid.

I understand that my payments will be applied first to any outstanding charges or late fees, then to earned interest and finally to principal. The payment schedule described above is only an estimate and may change in the event I do not make all payments as scheduled.

I understand that I may prepay all or any part of the principal without penalty.

I understand that I will be subject to a fee not to exceed the legally permitted amount if any payment I make is returned for non-sufficient funds.

I understand that if I fail to make any payment due hereunder, the Holder of this Note shall have the right, after a 30-day grace period, to declare this Note to be immediately due and payable. I further understand that if I file for an assignment for the benefit of creditors, bankruptcy, or for relief under any provisions of the United States Bankruptcy Code, the Holder of this Note shall have the right to declare this Note to be immediately due and payable.

I understand that in the event that Holder is required to employ an attorney at law to collect any amounts due under this Note, I will be required to pay the reasonable fees of such attorney to protect the interest of Holder or to take any other action required to collect the amounts due hereunder.

I agree that all payments not made within fifteen (15) days of the due date shall be subject to a late fee of $15. Any late fee assessed shall be collected by the Holder on behalf of the Holder and shall inure to the exclusive benefit of the Holder.

The origination fee included in the prepaid finance charge/origination fee disclosed above is fully earned upon loan origination, is not subject to rebate upon prepayment or acceleration of this Note and is not considered interest.

The Holder of this Note may delay or forgo enforcing any of its rights or remedies under this Note without losing them. I hereby, to the extent allowed by law, waive any applicable statute of limitations, presentment, demand for payment, or protest and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability.

The rights of Holder hereof shall be cumulative and not necessarily successive. This Note shall take effect as a sealed instrument and shall be construed, governed and enforced in accordance with the laws of the State of California.

This Note is in original format an electronic document fully compliant with the Electronic Signatures in Global and National Commerce Act (E-SIGN) and other applicable laws and regulations, and that the one, true original Note is retained electronically by Holder on behalf of Holder. All other versions hereof, whether electronic or in tangible format, constitute facsimiles or reproductions only.

I understand that I have previously consented to receive all communications from the Holder, including but not limited to, all required disclosures via electronic mail.

I understand and agree that CashCall, Inc. may obtain credit reports on me an ongoing basis as long as this loan remains in effect. I also authorize CashCall, Inc. to report information concerning my account to credit bureaus and anyone else it believes in good faith has a legitimate need for such information.

NOTE TO CALIFORNIA BORROWERS: A married or registered domestic partner applicant may apply for a separate account. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. If Holder takes any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, you have the right to obtain within 60 days a free copy of your consumer credit report from the consumer reporting agency who furnished us your consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. You have the right as described by Section 1785.16 of the California Civil Code to dispute the accuracy or completeness of any information in a consumer credit report furnished by the consumer credit reporting agency.

**THIS LOAN CARRIES A VERY HIGH INTEREST RATE. YOU MAY BE ABLE TO OBTAIN CREDIT UNDER MORE FAVORABLE TERMS ELSEWHERE. EVEN THOUGH THE TERM OF THE LOAN IS 42 MONTHS, WE STRONGLY ENCOURAGE YOU TO PAY OFF THE LOAN AS SOON AS POSSIBLE. YOU HAVE THE RIGHT TO PAY OFF ALL OR ANY PORTION OF THE LOAN AT ANY TIME WITHOUT INCURRING ANY PENALTY. YOU WILL, HOWEVER, BE REQUIRED TO PAY ANY AND ALL INTEREST THAT HAS ACCRUED FROM THE FUNDING DATE UNTIL THE PAYOFF DATE.**

| | |
|---|---|
| ☑ | I CERTIFY THAT NO PERSON HAS PERFORMED ANY ACT AS A BROKER IN CONNECTION WITH THE MAKING OF THIS LOAN. |
| ☑ | I ATTEST THAT THE CHECK SUBMITTED FOR APPROVAL OF MY LOAN IS FROM A LEGAL, OPEN AND ACTIVE ACCOUNT. THE CHECK IS NOT ALTERED, FORGED, STOLEN OR OBTAINED THROUGH FRAUDULENT OR ILLEGAL MEANS. |
| ☑ | I ATTEST THAT (1) THE PAY STUB THAT I SUBMITTED FOR APPROVAL OF MY LOAN IS A VALID STUB FROM A JOB THAT I CURRENTLY HOLD AND THE STUB HAS NOT BEEN ALTERED OR FORGED IN ANY WAY; OR (2) I WAS NOT REQUIRED TO SUBMIT A PAY STUB TO OBTAIN MY LOAN. |
| ☑ | **I HAVE READ ALL OF THE TERMS AND CONDITIONS OF THIS PROMISSORY NOTE AND DISCLOSURE STATEMENT AND AGREE TO BE BOUND THERETO. I UNDERSTAND AND AGREE THAT MY EXECUTION OF THIS NOTE SHALL HAVE THE SAME LEGAL FORCE AND EFFECT AS A PAPER CONTRACT.** |

This Loan Is Made Pursuant To The California Finance Lender Law, Division 9 (commencing with Section 22000) of the Financial Code. **FOR INFORMATION, CONTACT THE DEPARTMENT OF CORPORATIONS, STATE OF CALIFORNIA, LICENSE NO. 603-8780.**