1  Fred W. Schwinn  (SBN 225575)
   Raeon R. Roulston  (SBN 255622)
2  CONSUMER LAW CENTER, INC.
   12 South First Street, Suite 1014
3  San Jose, California  95113-2418
   Telephone Number: (408) 294-6100
4  Facsimile Number: (408) 294-6190
   Email Address: fred.schwinn@sjconsumerlaw.com
5

6  Claire Johnson  (SBN 271691)
   Kari A. Rudd  (SBN 268288)
7  BAY AREA LEGAL AID
   1735 Telegraph Avenue
8  Oakland, CA  94612-2107
   Telephone Number: (510) 250-5289
9  Facsimile Number: (510) 663-4740
   Email Address: cjohnson@baylegal.org
10

11 Attorneys for Plaintiff
   ALICIA G. SKINNER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| ALICIA G. SKINNER, | Case No. 3:13-CV-00704-NC |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| MOUNTAIN LION ACQUISITIONS, INC., a California corporation; JUDITH EAST, individually and in her individual capacity; D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION, a California corporation; and DENNIS SCOTT CARRUTHERS, individually and in his official capacity, | 15 United States Code § 1692 *et seq*. |
| Defendants. | |

Plaintiff, ALICIA G. SKINNER, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

/ / /

## I. INTRODUCTION

1. This action seeks actual damages, statutory damages, attorney fees and costs for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and

1337.

4. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

6. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Contra Costa County.

### V. PARTIES

7. Plaintiff, ALICIA G. SKINNER (hereinafter "Plaintiff"), is a natural person residing in Contra Costa County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

8. Defendant, MOUNTAIN LION ACQUISITIONS, INC. (hereinafter "MOUNTAIN LION"), is a California corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 8448 Katella Avenue, Stanton, California 90680-3215. MOUNTAIN LION may be served as follows: Mountain Lion Acquisitions, Inc., c/o D. Scott Carruthers, Agent for Service, 8448 Katella Avenue, Stanton, California 90680-3215. The principal business of MOUNTAIN LION is the collection of defaulted consumer debts using the mails

and telephone and MOUNTAIN LION regularly attempts to collect defaulted consumer debts alleged to be originally due another.  MOUNTAIN LION is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges, that MOUNTAIN LION directed and directly participated in the unlawful activities described herein.  MOUNTAIN LION is vicariously liable to Plaintiff for the acts of D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION, and DENNIS SCOTT CARRUTHERS.[1]

9.  Plaintiff is informed and believes, and thereon alleges, that Defendant, JUDITH EAST (hereinafter "EAST"), is a natural person and is or was an employee, agent, officer and/or director of MOUNTAIN LION at all relevant times. EAST may be served at her current business address at: Judith East, Mountain Lion Acquisitions, Inc., 8448 Katella Avenue, Stanton, California 90680-3215.  The principal purpose of EAST's business is the collection of defaulted consumer debts due or alleged to be due another.  EAST is regularly engaged in the business of collecting defaulted consumer debts by utilizing the U.S. Mail, telephone and internet.   EAST is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges, that EAST is liable for the acts of MOUNTAIN LION because she sets and approves MOUNTAIN LION collection policies, practices, procedures and she directed and participated in the unlawful activities described herein.

10.  Defendant, D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION, (hereinafter "LAW OFFICE"), is a California corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 8448 Katella Avenue, Stanton, California 90680-3215.  LAW OFFICE may be served as follows: D. Scott

---

[1] See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

Carruthers, APLC, c/o D. Scott Carruthers, Agent for Service, 8448 Katella Avenue, Stanton, California 90680-3215.  The principal business of LAW OFFICE is the collection of defaulted consumer debts using the mails and telephone and LAW OFFICE regularly attempts to collect defaulted consumer debts alleged to be due another.  LAW OFFICE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11. Defendant, DENNIS SCOTT CARRUTHERS (hereinafter "CARRUTHERS"), is a natural person and licensed attorney in the state of California and is or was an officer, director, employee, and/or agent of LAW OFFICE at all relevant times.  CARRUTHERS may be served at his current business address at: Dennis Scott Carruthers, D. Scott Carruthers, APLC, 8448 Katella Avenue, Stanton, California 90680-3215.  The principal purpose of CARRUTHERS's business is the collection of defaulted consumer debts due or alleged to be due another.  CARRUTHERS is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet.  CARRUTHERS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

12. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

13. On or about July 13, 2006, Plaintiff incurred a financial obligation, namely a consumer credit account issued by CashCall, Inc. (hereinafter "the debt").  The debt was incurred

primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. At all relevant times, CashCall, Inc., was a "licensee" as that term is defined by Cal. Financial Code § 22007 and a "finance lender" as that term is defined by Cal. Financial Code § 22009.

15. The debt is a "consumer loan" within the meaning of Cal. Financial Code § 22203.

16. The debt was made pursuant to the California Finance Lender Law, Cal. Financial Code § 22000 *et seq*.

17. When Plaintiff could no longer make her monthly payments on the debt, CashCall, Inc., sold the defaulted debt to MOUNTAIN LION ACQUISITIONS, LLC, on or about July 23, 2010.

18. Plaintiff is informed and believes, and thereon alleges, that MOUNTAIN LION ACQUISITIONS, LLC, is not and has never been a "licensee" as that term is defined by Cal. Financial Code § 22007.

19. Plaintiff is informed and believes, and thereon alleges, that MOUNTAIN LION ACQUISITIONS, LLC, is not and has never been a "finance lender" as that term is defined by Cal. Financial Code § 22009.

20. Plaintiff is informed and believes, and thereon alleges, that MOUNTAIN LION ACQUISITIONS, LLC, is not and has never been an "institutional investor" as that term is defined by Cal. Financial Code § 22340(b).

21. Plaintiff is informed and believes, and thereon alleges, that CashCall, Inc., willfully violated Cal. Financial Code § 22340(a) by selling the promissory note evidencing Plaintiff's obligation to repay a "consumer loan" made by a "licensee" pursuant to the California Finance Lender Law to MOUNTAIN LION ACQUISITIONS, LLC.

- 6 -
FIRST AMENDED COMPLAINT                                         Case No. 3:13-CV-00704-NC

22. As a result of CashCall, Inc.'s, willful violation of Cal. Financial Code § 22340(a), the debt is void and noncollectable, pursuant to Cal. Financial Code § 22750(b).

23. Plaintiff is informed and believes, and thereon alleges, that MOUNTAIN LION ACQUISITIONS, LLC, willfully violated Cal. Financial Code § 22340(a) by purchasing the promissory note evidencing Plaintiff's obligation to repay a "consumer loan" made by a "licensee" pursuant to the California Finance Lender Law.

24. As a result of MOUNTAIN LION ACQUISITIONS, LLC's, willful violation of Cal. Financial Code § 22340(a), the debt is void and noncollectable, pursuant to Cal. Financial Code § 22750(b).

25. Thereafter, on a date unknown to Plaintiff, the debt is alleged to have been sold, assigned, or otherwise transferred to Defendant, MOUNTAIN LION ACQUISITIONS, INC., for collection from the Plaintiff.

26. Plaintiff is informed and believes, and thereon alleges, that MOUNTAIN LION ACQUISITIONS, INC., is not and has never been a "licensee" as that term is defined by Cal. Financial Code § 22007.

27. Plaintiff is informed and believes, and thereon alleges, that MOUNTAIN LION ACQUISITIONS, INC., is not and has never been a "finance lender" as that term is defined by Cal. Financial Code § 22009.

28. Plaintiff is informed and believes, and thereon alleges, that MOUNTAIN LION ACQUISITIONS, INC., is not and has never been an "institutional investor" as that term is defined by Cal. Financial Code § 22340(b).

29. Plaintiff is informed and believes, and thereon alleges, that MOUNTAIN LION ACQUISITIONS, INC., willfully violated Cal. Financial Code § 22340(a) by purchasing the

promissory note evidencing Plaintiff's obligation to repay a "consumer loan" made by a "licensee" pursuant to the California Finance Lender Law.

30. On or about February 23, 2012, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Contra Costa County captioned *Mountain Lion Acquisitions, Inc. v. Alicia G. Skinner, et al.*, Case No. CIVMSL12-01150 (hereinafter the "*Mountain Lion v. Skinner* complaint"), which sought to collect $2,141.31 in damages and interest at the rate of 47% per annum from June 15, 2009.

31. A true and accurate copy of the *Mountain Lion v. Skinner* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

32. Plaintiff is informed and believes, and thereon alleges, that the *Mountain Lion v. Skinner* complaint was drafted by CARRUTHERS, approved and/or ratified by EAST on behalf of MOUNTAIN LION, and signed by CARRUTHERS on behalf of MOUNTAIN LION and LAW OFFICE.

33. As a result of the *Mountain Lion v. Skinner* complaint (Exhibit "1"), Plaintiff was required to engage legal counsel to represent her, thereby incurring actual damages in the form of attorney fees and costs.[2]

34. Plaintiff is informed and believes, and thereon alleges, that by drafting, filing with the state court, and serving a copy of the *Mountain Lion v. Skinner* complaint (Exhibit "1") on Plaintiff, Defendants attempted to collect a void and noncollectable debt from Plaintiff, an action that cannot lawfully be taken.

35. Plaintiff is informed and believes, and thereon alleges, that Defendants

---

[2] See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).

misrepresented the character, amount or legal status of the debt in the *Mountain Lion v. Skinner* complaint.

36. Plaintiff is informed and believes, and thereon alleges, that by drafting, filing with the state court, and serving a copy of the *Mountain Lion v. Skinner* complaint (Exhibit "1") on Plaintiff, Defendants attempted to collect a debt that was known by Defendants to be void and noncollectable.

37. Plaintiff is informed and believes, and thereon alleges, that by drafting, filing with the state court, and serving a copy of the *Mountain Lion v. Skinner* complaint (Exhibit "1") on Plaintiff, Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law.

38. Plaintiff is informed and believes, and thereon alleges, that by drafting, filing with the state court, and serving a copy of the *Mountain Lion v. Skinner* complaint (Exhibit "1") on Plaintiff, Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the debt.

39. Thereafter, on or about July 2, 2012, Defendants drafted, filed with the state court, and served on Plaintiff a document titled Prepared Testimony in Lieu of Direct Testimony CCP 98.

40. A true and accurate copy of the Prepared Testimony in Lieu of Direct Testimony CCP 98 is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

41. The Prepared Testimony in Lieu of Direct Testimony CCP 98 (Exhibit "2") bears a signature purported to be that of CashCall, Inc.'s, Vice President of Servicing, Louis Ochoa.

42. Plaintiff is informed and believes, and thereon alleges, that the Prepared Testimony in Lieu of Direct Testimony CCP 98 (Exhibit "2") was not signed by Louis Ochoa, but that the signature purported to be Mr. Ochoa's is a forgery.

43. Plaintiff is informed and believes, and thereon alleges, that the Prepared

Testimony in Lieu of Direct Testimony CCP 98 was drafted by CARRUTHERS, approved and/or ratified by EAST on behalf of MOUNTAIN LION, and that the signature of Louis Ochoa was forged by, or at the direction of, CARRUTHERS on behalf of MOUNTAIN LION and LAW OFFICE.

44. Plaintiff is informed and believes, and thereon alleges, that Defendants attempted to collect the debt from Plaintiff by drafting and knowingly using a forged declaration (i.e., the Prepared Testimony in Lieu of Direct Testimony CCP 98 (Exhibit "2")).

45. Plaintiff is informed and believes, and thereon alleges, that by drafting, filing with the state court, and serving a copy of the forged Prepared Testimony in Lieu of Direct Testimony CCP 98 (Exhibit "2") on Plaintiff, Defendants attempted to collect a void and noncollectable debt from Plaintiff, an action that cannot lawfully be taken.

46. Plaintiff is informed and believes, and thereon alleges, that Defendants misrepresented the character, amount or legal status of the debt in the forged Prepared Testimony in Lieu of Direct Testimony CCP 98 (Exhibit "2").

47. Plaintiff is informed and believes, and thereon alleges, that by drafting, filing with the state court, and serving a copy of the forged Prepared Testimony in Lieu of Direct Testimony CCP 98 (Exhibit "2") on Plaintiff, Defendants attempted to collect a debt that was known by Defendants to be void and noncollectable.

48. Plaintiff is informed and believes, and thereon alleges, that by drafting, filing with the state court, and serving a copy of the forged Prepared Testimony in Lieu of Direct Testimony CCP 98 (Exhibit "2") on Plaintiff, Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law.

49. Plaintiff is informed and believes, and thereon alleges, that by drafting, filing with

the state court, and serving a copy of the forged <u>Prepared Testimony in Lieu of Direct Testimony CCP 98</u> (Exhibit "2") on Plaintiff, Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the debt.

50. Thereafter, on January 11, 2013, Defendants unilaterally dismissed the *Mountain Lion v. Skinner* complaint when the case was called for trial before the Honorable David B. Flynn.

51. As a result of Defendants' abusive debt collection practices, Plaintiff has incurred actual damages in an amount to be determined at trial.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

52. Plaintiff brings the first claim for relief against all Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

53. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

54. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

55. Defendant, MOUNTAIN LION, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

56. Defendant, EAST, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

57. Defendant, LAW OFFICE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

58. Defendant, CARRUTHERS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

59. The financial obligation Defendants sought to collect from Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

60. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants knowingly used a forged declaration in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f;

    b. Defendants made and used false, deceptive, and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    c. Defendants misrepresented the character, amount, or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    d. Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the debt, in violation of 15 U.S.C. § 1692e(2)(B);

    e. Defendants attempted to collect the debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

    f. Defendants misrepresented that MOUNTAIN LION was lawfully entitled to collect the debt from Plaintiff, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

    g. Defendants attempted to collect a debt that was known by Defendants to be void and noncollectable, in violation of 15 U.S.C. § 1692f; and

    h. Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1).

61. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

62. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1);

c) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3); and

f) Award Plaintiff such other and further relief as may be just and proper.

oo0oo

|   |   |   |
|---|---|---|
| 1 | | CONSUMER LAW CENTER, INC. |
| 2 | | |
| 3 | Dated: February 25, 2014 | By: /s/ Fred W. Schwinn |
| | | Fred W. Schwinn  (SBN 225575) |
| 4 | | Raeon R. Roulston  (SBN 255622) |
| | | CONSUMER LAW CENTER, INC. |
| 5 | | 12 South First Street, Suite 1014 |
| | | San Jose, California  95113-2418 |
| 6 | | Telephone Number: (408) 294-6100 |
| 7 | | Facsimile Number: (408) 294-6190 |
| | | Email Address: fred.schwinn@sjconsumerlaw.com |

Claire Johnson  (SBN 271691)
Kari A. Rudd  (SBN 268288)
BAY AREA LEGAL AID
1735 Telegraph Avenue
Oakland, CA  94612-2107
Telephone Number: (510) 250-5289
Facsimile Number: (510) 663-4740
Email Address: cjohnson@baylegal.org

Attorneys for Plaintiff
ALICIA G. SKINNER

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ALICIA G. SKINNER, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.