IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>VALENTIN CORTEZ GARCIA and ULYSES CORTEZ CONTRERAS,<br><br>        Defendants.<br>_____/ | No. CR 13-00704-1, 2 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 24, 2014 at 1:00 p.m.:

The Court has reviewed the parties' papers and does not want to hear the parties reargue matters addressed in those papers. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

**Contreras Motion to Suppress Evidence**

1.   What material facts does Defendant contend are in dispute, with respect to whether the silencer was located in plain view?

2. Does Defendant have any authority to suggest that the amount of time that elapses before an item is alleged to have been found in plain view is legally significant to the analysis?

**Motion to Traverse and Quash the Search Warrant and Suppress Evidence**

As a threshold matter, the Government has discussed facts regarding three purchases that are not discussed in the Search Warrant Affidavit. Unless the Government can provide legal authority as to why those facts would be relevant to the instant motion, the Court shall not consider them and it shall not hear argument about those facts.

1. Would the Government agree that the sole nexus to the Defendants' residence is Officer Jacobo's statement regarding his experience and consultation with other officers, as set forth at page VCG-UCC-0198 of the Affidavit in Support of the Search Warrant?

2. "Expert opinion may also be considered in the totality of the circumstances analysis for probable cause. ... [H]owever, if the government presents expert opinion about the behavior of a particular class of persons, for the opinion to have any relevance, the affidavit must lay a foundation which shows that the person subject to the search is a member of the class." *United States v. Underwood*, 725 F.3d 1076, 1081-82 (9th Cir. 2013).

Defendant Garcia argues, in reply, that Officer Jacobo failed to establish that the firearms traffickers - the class of persons at issue - would keep evidence of their illegal fire arms sales at their homes, because he stated that he has learned that "persons who possess and purchase firearms and ammunition do so for their personal use and as such keep the firearms for an extended period of time [and] ... are typically maintained on their persons or in their residences...." (Search Warrant Affidavit at VCG-UCC-0198.) What is Defendant's best argument that the following paragraphs do not suggest that firearms traffickers would keep evidence of illegal gun sales at their residences?

3. The Ninth Circuit has held that "[b]ased on the nature of the evidence and the type of offense, a magistrate may draw reasonable inferences about where evidence is likely to be kept." *United States v. Garza,* 980 F.2d 546, 551 (9th Cir. 1992). It has also

1  repeatedly concluded that, in cases of drug dealing, evidence is likely to be found in a
2  dealer's residence.  *See, e.g., United States v. Gil*, 58 F.3d 1414, 1418-19 (9th Cir. 1995)
3  (citing cases).  The Government relies on a number of these cases to support its
4  argument that there was probable cause to search Defendants' residence.  (*See* Opp. Br.
5  at 13:12-20.)  Defendant argues that these cases are "inapposite and unpersuasive."
6  Although this is not a drug case, does Defendant have any authority to suggest that the
7  principle articulated by the Ninth Circuit could not be extrapolated to gun cases?
8  4.  What is the Government's best argument that the fact that the agents made the purchases
9  from a lawful parts business would not have been material to the determination that
10  probable cause existed to search the residence?
11  **IT IS SO ORDERED.**

Dated: June 23, 2014



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3