UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALICIA G. SKINNER,<br><br>    Plaintiff,<br><br>    v.<br><br>MOUNTAIN LION ACQUISITIONS, INC., a California corporation; JUDITH EAST, individually and in her individual capacity; D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION, a California corporation; and DENNIS SCOTT CARRUTHERS, individually and in his official capacity,<br><br>    Defendants. | Case No. 13-cv-00704 NC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS SKINNER'S FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 68 |

In this action stemming from defendants' attempts to collect a debt from plaintiff Alicia Skinner, defendants move prematurely under Federal Rule of Civil Procedure 12(c), which the Court construes as a Rule 12(b)(6) motion, to dismiss Skinner's first amended complaint. The issue before the Court is whether Skinner has sufficiently alleged violations of 15 U.S.C. §§ 1692d, 1692e, and/or 1692f to support a claim for relief under the Fair Debt Collection Practices Act (FDCPA). The Court finds that Skinner has done so and therefore DENIES defendants' motion to dismiss.

//

# I. BACKGROUND

## A. The Allegations of the First Amended Complaint

On July 13, 2006, Alicia Skinner obtained a loan from CashCall "primarily for personal, family or household purposes." Dkt. No. 65 at ¶ 13. CashCall later sold Skinner's debt to defendant Mountain Lion Acquisitions. *Id.* at ¶ 25. On February 23, 2012, Mountain Lion filed a lawsuit in Contra Costa County Superior Court, seeking to collect on Skinner's debt. *Id.* at ¶ 30. On July 2, 2012, Mountain Lion filed and served a document entitled "Prepared Testimony in Lieu of Direct Testimony," purportedly signed by Louis Ochoa, CashCall's Vice-President of Servicing. *Id.* at ¶¶ 39, 41. Skinner alleges that this document was not signed by Ochoa, but that the signature purported to be Ochoa's was a forgery. *Id.* at ¶¶ 42-43. On January 11, 2013, Mountain Lion "unilaterally dismissed the *Mountain Lion v. Skinner* complaint when the case was called for trial . . . ." *Id.* at ¶ 50. Skinner's amended complaint alleges a single cause of action under the FDCPA. *Id.* at ¶ 1.

## B. Procedural History

On February 19, 2013, Skinner filed her original complaint. Dkt. No. 1. On July 5, 2013, defendants moved to dismiss the FDCPA claim under Rule 12(b)(6) for failure to state a claim. Dkt. No. 35 at 3-4. The Court held that Skinner cannot state a claim under the FDCPA based on the theory that the sale of Skinner's debt to defendants violated California Financial Code § 22340 and thus made the debt void and unenforceable under the California Finance Lenders Law. *See* Dkt. No. 63. Because Skinner's FDCPA claim was based entirely on defendants' alleged violation of § 22340, she failed to state a claim for relief under the FDCPA. *Id.* As it was not clear that Skinner could not amend her complaint to state a claim for relief under the FDCPA, however, the Court permitted her leave to amend. *Id.* Skinner then filed her first amended complaint on February 25, 2014. Defendants filed their Rule 12(c) motion for judgment on the pleadings on March 20, 2014. Dkt. No. 68.

The Court has jurisdiction under 28 U.S.C. § 1331, as Skinner alleges violations of 15 U.S.C. §§ 1692, *et seq.* Dkt. No. 65 at ¶¶ 4, 52. All parties have consented to the jurisdiction of a United States magistrate judge under 28 U.S.C. § 636(c). Dkt. No. 13.

## II. STANDARD OF REVIEW

Defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) before filing an answer to the first amended complaint. Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed . . . ." Fed. R. Civ. P. 12(c); *see* Fed. R. Civ. P. 7 (defining what constitutes the pleadings). Therefore, defendants' motion challenging the unanswered first amended complaint is premature. *See Doe v. United States*, 419 F.3d 1058, 1061-62 (9th Cir. 2005) ("[T]he pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed."). However, whether brought under Rule 12(c) or properly under Rule 12(b), the Court applies the same analysis. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing[; . . . T]he motions are functionally identical . . . .").

Here, Skinner noted that defendants' motion is more properly construed as a motion to dismiss, and addressed it as such. *See* Dkt. No. 69 at 13:1-5. Defendants also agree that the Court has discretion to treat their motion as a motion to dismiss. *See* Dkt. No. 70 at 2:14-3:6. Therefore, the Court will exercise its discretion and treat defendants' motion as one brought under Rule 12(b)(6). *See KFD Enters., Inc. v. City of Eureka*, No. 08-cv-04571 MMC, 2010 WL 1661822, at *3 (N.D. Cal. Apr. 22, 2010) (treating a premature 12(c) motion as a 12(b)(6) motion to dismiss); *see also Dale v. Exec. Office of the President*, 164 F. Supp. 2d 22, 24 (D.D.C. 2001) (holding "[i]f a party files a Rule 12(c) motion before the answer, the court may treat it as a motion to dismiss under Rule 12(b)(6)"); *Seber v. Unger*, 881 F. Supp. 323, 325 n.2 (N.D. Ill. 1995) ("Because [defendant's] motion essentially serves the same purpose as a Rule 12(b)(6) motion, we shall adopt the common practice of treating the premature Rule 12(c) motion as a Rule 12(b)(6) motion.").

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. DISCUSSION

**A.   Skinner Has Sufficiently Stated a Claim Under the FDCPA.**

In her response to defendants' motion, Skinner asserts that the "gravamen" and "central premise" of her first amended complaint is that the sale of Skinner's debt violated the California Finance Lenders Law rendering the debt "void and noncollectable" and that defendants violated the FDCPA by attempting to collect a "void and noncollectable debt." Dkt. No. 69 at 8-9; *see* Dkt. No. 65 at ¶¶ 21-24, 60. In dismissing her original complaint, the Court held that Skinner could not predicate a claim for relief under the FDCPA based on this theory. Dkt. No. 63. Skinner asserts that "[t]hough the Court has ruled against Plaintiff on this issue in her initial Complaint," she "renews the claim" because she "continues to respectfully disagree with the Court's ruling [and] . . . is preserving the issue for appeal." Dkt. No. 69 at 13. For the reasons articulated in its prior order of dismissal, which will not be revisited here, the Court reiterates that Skinner cannot state a claim for violation of the FDCPA based on the theory that the sale of the debt violated § 22340(a) and made the debt void and unenforceable under § 22750(b) of the California Financial Code.

But Skinner now presents a new theory of liability under the FDCPA. Skinner alleges that in the course of prosecuting Mountain Lion's suit in California Superior Court against her, Mountain Lion served on Skinner a document entitled "Prepared Testimony in Lieu of Direct Testimony CCP 98." Dkt. No. 65 at ¶ 39. Skinner alleges that the signature on the document, purportedly that of CashCall, Inc.'s Vice President of Servicing Louis Ochoa, was "forged by, or at the direction of, Carruthers on behalf of Mountain Lion and [Carruthers] Law Office." *Id.* at ¶¶ 41-43. Skinner alleges that defendants' actions in knowingly obtaining and using the forged declaration in an attempt to collect the debt violate 15 U.S.C. §§ 1692d, 1692e, and 1692f. *Id.* at ¶¶ 39, 60a.

Defendants expend many words disputing the validity of the signature, arguing that Mountain Lion had Ochoa's permission to "endorse" his name on the document. Dkt. No. 68 at 4-8. But the Court cannot resolve this factual dispute on a Rule 12(b)(6) motion to dismiss. At this stage, all allegations of material fact, such as the allegation of a forged signature, are taken as true and construed in the light most favorable to Skinner. *See Cahill*, 80 F.3d at 337-38. Therefore the Court finds that Skinner's allegations that defendants knowingly obtained and used the forged declaration in an attempt to collect the debt state a claim under the FDCPA. *See* 15 U.S.C. §§ 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."), 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.").

## IV. CONCLUSION

Defendants' motion for judgment on the pleadings, which the Court construes as a motion to dismiss, is DENIED.

IT IS SO ORDERED.

Date: August 1, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge