D. Scott Carruthers, State Bar No. 68745
Attorney at Law
8448 Katella Avenue
Post Office Box 228
Stanton, California 90680
Telephone No.: (714) 761-3976
Facsimile No.: (714) 761-1754
Email address: dsclawoff@aol.com

Attorney for defendants Mountain Lion Acquisitions, LLC.; D. Scott Carruthers, a Professional Law Corporation; Dennis Scott Carruthers; and Judith East

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| ALICIA G. SKINNER,<br><br>                    Plaintiff,<br><br>vs.<br><br>MOUNTAIN LION ACQUISITIONS, INC., a California corporation; JUDITH EAST, individually and in her individual capacity; D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION, a California corporation; and DENNIS SCOTT CARRUTHERS, individually and in his official capacity,<br><br>                    Defendants. | Case No.: 3:13-cv-0704-NC<br><br>**OPPOSITION BY DEFENDANTS MOUNTAIN LION ACQUISITIONS, INC.; D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION; DENNIS SCOTT CARRUTHERS; AND JUDITH EAST TO THE MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY AND DOCUMENT PRODUCTION FROM DENNIS SCOTT CARRUTHERS AND D. SCOTT CARRUTHERS, APLC**<br><br>Date:          Wed., February 25, 2015<br>Time:         1:00 p.m.<br>Judge:       Hon. Nathaniel Cousins<br>Courtroom: A, 15th Floor, San Francisco<br>Location:   280 South 1st Street<br>                    San Jose, California |

TO THE HONORABLE NATHANIEL COUSINS, UNITED STATES MAGISTRATE JUDGE; TO

ALICIA G. SKINNER, PLAINTIFF; AND TO FRED W. SCHWINN, ESQ.; RAEON RODRIGO

/   /   /

ROULSTON; CLAIRE JOHNSON RABA, ESQ.; KARI ANNETTE RUDD, ESQ.; CONSUMER LAW CENTER, INC.; AND BAY AREA LEGAL AID, COUNSEL FOR PLAINTIFF:

Defendants Mountain Lion Acquisitions, Inc.; D. Scott Carruthers, A Professional Law Corporation; Dennis Scott Carruthers; and Judith East ("defendants") here oppose the plaintiff's motion to compel further deposition testimony and document production from Dennis Scott Carruthers and D. Scott Carruthers, APC (Dkt. No. 90).

### A. PROCEDURAL ISSUES

**i. Lack of Adequate Opportunity to Oppose the Motion.** On January 16, 2015, Plaintiff filed her NOTICE OF MOTION AND MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY AND DOCUMENT PRODUCTION FROM DENNIS SCOTT CARRUTHERS AND D. SCOTT CARRUTHERS, APC, setting the hearing date for February 25, 2015. On that same day of filing (January 16, 2015), the court set January 30, 2015, two weeks hence, as the deadline for defendants to file their opposition to the motion. However, on January 20, 2015, the clerk entered on the docket a Clerk's Notice Resetting deadlines and established January 23, 2015 as the deadline for defendants to file their opposition to the motion. (*See* Docket Entry No. 92.) Thus, the two-week period during which defendants could gather together information and documents to include in their opposition was shortened by the court clerk, without explanation, from two weeks to three days, even though the hearing apparently remains on February 25, 2015, more than one month after the newly imposed opposition filing deadline, all seemingly in derogation of what is contemplated by Civil L.R. 7-3(a). Defendants object to the shortened deadline imposed by the clerk, imposed without prior notice or hearing and defendants respectfully request that they be allowed to present at the time of the hearing any further evidence and argument that is not presently supplied in this hastily prepared opposition.

**ii. Failure of Motion to Comply With Civil L.R. 37-2.** Plaintiff's motion fails to comply with Civil L.R. 37-2, governing the form of motions to compel. That Local Rule provides:

2

OPPOSITION BY DEFENDANTS TO MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY, ETC.

> In addition to complying with applicable provisions of Civil L.R. 7, a motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto. For each such request, *the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.*

(Civil L.R. 37-2, emphasis added.) Plaintiff asserts first that she seeks further responses to "49 questions" (*see* Memorandum of Points and Authorities ("Memo") at 3:22-4:1 and 4:13) yet thereafter (Memo at 4:15 through 10:7) merely quotes passages of text chosen from various pages of the transcript of the deposition of Dennis Scott Carruthers, starting at page 8 thereof through various pages up to page 59 thereof. Then, after having lumped all such colloquy together, she sets forth a supposedly globally applicable "objection" in the form of vague argument about why she is entitled to further responses. For example, she asserts that "the above testimony shows that MOUNTAIN LION ACQUISITIONS, INC. and D. SCOTT CARRUTHERS, APC have failed to observe corporate formalities." (Memo at 10:8-9.) She does not identify what testimony "shows" this to be the situation and does not "detail the basis" for her contention that she is entitled to any requested further response.

For example, plaintiff's counsel asked for the home address of Mr. Dennis Scott Carruthers. (*See* Memo at 4:18.) Yet, nowhere in her motion papers does plaintiff even seek to "detail" much less actually "detail" what "the basis [is] for [her] contention that [she] is entitled to the requested discovery." (Civil L.R. 37-2.) Her generalized reference to Fed. R. Civ. P. 26(b)(1) (in footnote 7 on page 3 of her Memo) does not suffice to detail how it is that she is entitled to discover the home address of Mr. Carruthers. Nothing in the First Amended Complaint (Dkt 65) pertains to Mr. Carruthers' home address; and nothing in the generalized argument on page 10, lines 8 to 19 of plaintiff's Memo identifies any principle upon which Plaintiff is in any way entitled to discovery of Mr. Carruthers' home address. Plaintiff shows nothing that ties her assertion of a supposed failure "to observe corporate formalities" (Memo at 10:8-9) to Mr. Carruthers' home address. She shows nothing that ties her assertion that Mountain Lion Acquisitions,

1 Inc. "is a sham corporation" (Memo at 10:13) to Mr. Carruthers' home address. Neither a failure to
2 observe corporate formalities or the supposed sham nature of a corporation is anywhere alleged in the
3 First Amended Complaint (Dkt. 65).

4     The same can be said of each of the other "49 questions" that plaintiff's counsel recites on pages 4
5 through 10 of her Memo. Where Mr. Carruthers went to college (Memo at 4:19), what year he graduated
6 from college (Memo at 4:22), what his first job was "out of law school" (Memo at 5:3), are questions that
7 are wholly irrelevant to the issues raised in the First Amended Complaint and have nothing to do with
8 contentions about corporate formalities or sham corporations. And as to all questions listed on pages 4
9 through 10 of plaintiff's Memo, it is simply the fact of the matter that "corporate formalities" and "sham
10 corporations" do not at all form any part of the First Amended Complaint. If plaintiff wants to amend the
11 complaint to make such issues somehow relevant in this litigation, she should make a proper motion for
12 leave to amend and only then, after obtaining such leave by order of the court and successfully amending
13 the complaint, would she be entitled to seek discovery on such matters. But to have a First Amended
14 Complaint as presently is the operative pleading before the court be totally silent about "corporate
15 formalities" and "sham corporations" she cannot seek to justify, after the fact, her contention she is
16 entitled to information about supposed "corporate formalities" and "sham corporations" as a sort of
17 justification for seeking a court order requiring answers to such irrelevant questions.

18     The same faulty presentation, all in violation of Civil L.R. 37-2, continues on page 10, line 20
19 through page 13, line 6: plaintiff quotes a few questions and answers that she characterizes as pertaining to
20 "debt collection practices" (Memo at 10:20-11:13½) and "signatures on legal documents" (Memo at
21 11:14½-12:12) and then instead of complying with Civil L.R. 37-2's dictates requiring her to "detail the
22 basis" for her contention that she is "entitled to the requested discovery" and requiring her to "show how
23 the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied," she presents
24 generalized statements about how an "examiner is not remediless" (Memo at 12:13-14), how a party is

allowed to compel discovery (Memo at 12:15-16), and in conclusory, unsupported fashion an empty assertion that "because Mr. Carruthers refused to answer, he should be ordered to appear in San Jose, California to that SKINNER may complete the deposition without objection." (Memo at 12:22-24.) In short, plaintiff's argument is simply that the motion should be granted because the motion should be granted and she is entitled to the requested discovery simply because she is entitled to the requested discovery (the dictates of Civil L.R. 37-2 requiring a detailed basis to such entitlement to the contrary notwithstanding).

And as to plaintiff's assertion of a supposed discovery right to state and federal tax returns of D. Scott Carruthers, APC for 2010, 2011, 2012 and 2013, plaintiff cites *Charles O. Bradley Trust v. Zenith Capital L.L.C.*, 2005 U.S. Dist. LEXIS 35562 which does not at all mention tax returns. Plaintiff's request is inappropriate and plaintiff's attempt to justify the request falls short of what is required to be shown. *In re United States*, 669 F.3d 1333 (compelling discovery of tax return information is reversible error); *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) (although federal courts generally resist discovery of tax returns, a *showing* of good cause can lead a court to decide tax returns are discoverable). Plaintiff has not made or even attempted to make any such showing. To determine whether disclosure is appropriate, most courts apply a two-part test. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006). First, the court must determine whether the tax returns are relevant. *Id.* Plaintiff supplies no factual basis upon which this court can make any such determination; financial information is available from sources other than tax returns; seeking the returns themselves requires a substantial showing; plaintiff makes no showing whatsoever. Second, if such a showing is made (and plaintiff here makes no such showing), then the question becomes whether there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable from another source. *Id.* Plaintiff does not even come close to discussing this two-step process required for a court order compelling disclosure of tax returns.

1     Plaintiff's demand for "litigation notes" seems quite convoluted in its reasoning. Rather than seeking to justify (or even address the fact that the request constitutes) an intrusion into attorney work product, plaintiff seeks to secure a court order requiring disclosure of "litigation notes" on the grounds that Mr. Carruthers, during colloquy *during a deposition*, said he would "agree" to "screens or reports" (Memo at 15:23-24) but did not say "when," "where," or "how" he would produce them. (Memo at 16:3-9.) In support of her contention on this point, plaintiff cites to *Jayne H. Lee, Inc. v. Flagstaff Indust. Corp.*, 173 F.R.D. 651, 655-56 (C.D. Cal. 1997) which, as quoted by plaintiff herself, deals with an attorney's filing of a "*written response*." (Memo at 16:3½, emphasis added.) Plaintiff complains that the Federal Rules of Civil Procedure "do not permit an assurance of production at an unspecified time and place" (Memo at 16:10-11) but she does not show that during *the deposition* she asked Mr. Carruthers to specify a time and place. (*See* Memo at 15:24½.) She simply received the assurance but did not request more.

## POINTS AND AUTHORITIES

Civil L.R. 37-1 provides as follows:

> In addition to complying with applicable provisions of Civil L.R. 7, a motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto. For each such request, *the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.*

(Civil L.R. 37-1.) Plaintiff did not comply with Civil L.R. 37-1.

In *In re United States*, 669 F.3d 1333 the court held that compelling discovery of tax return information is reversible error. In *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) the court pointed out that although federal courts generally resist discovery of tax returns, a *showing* of good cause can lead a court to decide tax returns are discoverable. Plaintiff has not made or even attempted to make any such showing. To determine whether disclosure of tax returns is appropriate, most courts apply a two-part test. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal.

2006). First, the court must determine whether the tax returns are relevant. *Id.* Plaintiff supplies no factual basis upon which this court can make any such determination; financial information is available from sources other than tax returns; seeking the returns themselves requires a substantial showing; plaintiff makes no showing whatsoever. Second, if such a showing is made (and plaintiff here makes no such showing), then the question becomes whether there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable from another source. *Id.* Plaintiff does not even come close to discussing this two-step process required for a court order compelling disclosure of tax returns.

**CONCLUSION**

Wherefore, defendants respectfully request that the court deny the motion to compel further deposition testimony. (Dkt. No. 90).

Dated _____, 2015.            Respectfully submitted,

        /s/ D. Scott Carruthers
D. Scott Carruthers
Attorney for Defendants Mountain Lion Acquisitions, LLC.; D. Scott Carruthers, a Professional Law Corporation; Dennis Scott Carruthers; and Judith East