UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALICIA SKINNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOUNTAIN LION ACQUISITIONS, INC., et al.,<br><br>　　　　　Defendants. | Case No. 13-cv-00704 NC<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 90, 91 |

　　This order addresses discovery disputes raised in two motions filed by plaintiff. Dkt. Nos. 90, 91. In the interest of securing the "just, speedy, and inexpensive determination" of this action, the Court will not repeat the case history and the arguments presented by the parties. Fed. R. Civ. P. 1. In sum, this is an action under the Fair Debt Collection Practices Act (FDCPA) arising out of defendants' attempts to collect a debt from plaintiff Alicia Skinner. The deadline for all discovery was January 9, 2015. The Court finds these motions suitable for resolution without oral argument. *See* Civ. L.R. 7-1(b).

　　Before resolving the motions on the merits, the Court first addresses defendants' contention that they did not have an adequate opportunity to oppose the motions because the Court shortened the briefing schedule. The parties are reminded that the undersigned Magistrate Judge's civil standing order provides that discovery disputes must be presented by filing a joint statement of five pages or less, and that the Court will then advise the

Case No. 13-cv-00704 NC
DISCOVERY ORDER

parties of the need for further briefing or a hearing.  Here, the Court did not order the parties to refile their discovery disputes in compliance with the standing order in the interest of "just, speedy, and inexpensive determination" of this action.  However, for any future discovery disputes, the parties must comply with the proper procedure set forth in the standing order.  Moreover, defendants have had ample time to oppose the motions and have not indicated what relevant evidence or argument exist that they did not have opportunity to present in their opposition.  Defendants' request that they be allowed to present at a hearing "any further evidence and argument" is DENIED.

The Court now rules on the issues presented:

**A.  Plaintiff's Motion to Compel, Dkt. No. 90**

    **1.**    **Motion to compel the further deposition of the Carruthers defendants**

Plaintiff seeks to compel further deposition testimony by defendant Dennis Scott Carruthers, in his individual capacity and as a Fed. R. Civ. P. 30(b)(6) designee of defendant D. Scott Carruthers, a Professional Law Corporation ("Carruthers defendants"). Dkt. No. 90-1.  Dennis Scott Carruthers is counsel of record for himself and D. Scott Carruthers, a Professional Law Corporation.  Plaintiff's motion asserts that, at their January 9 deposition, the Carruthers defendants improperly refused to answer 49 deposition questions based on "relevancy" objections.

"A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).  The motion to compel the Carruthers defendants' deposition is GRANTED.  The deposition must take place in San Jose, California.  The deposition must be conducted on a mutually agreeable date no later than February 13, 2015. The scope of the deposition is limited to the questions that the Carruthers defendants improperly refused to answer, and any follow up questions.

    **2.**    **Motion to compel production of tax returns**

Plaintiff seeks to compel the production of state and federal income tax returns for D. Scott Carruthers, a Professional Law Corporation for 2010-2013.  Dkt. No. 90-1.  Plaintiff

contends the production of the tax returns is necessary to determine the ownership interest of D. Scott Carruthers, a Professional Law Corporation, that company's relation to defendant Mountain Lion Acquisitions, Inc., and to determine the net worth of the Carruthers defendants. *Id.*

Under federal law, courts apply a two-part test to balance the need for discovery with the public policy favoring confidentiality of tax returns. The court must find (1) that the returns are relevant to the subject matter of the action; and (2) that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable. *Karnazes v. County of San Mateo*, No. 09-cv-0767 MMC (MEJ), 2010 WL 1910522, at *5 (N.D. Cal. May 11, 2010) (citations omitted). In light of the limited relevance of the tax returns asserted by plaintiff here, and plaintiff's failure to show that the information cannot be obtained by less intrusive means such as an interrogatory or deposition, the Court finds that plaintiff has not justified the need for the production of tax returns. This request is therefore DENIED.

### 3. Motion to compel production of collection file

Plaintiff moves to compel the "Entire Collection File for SKINNER Maintained by MOUNTAIN LION ACQUISTIONS, INC. [sic], or D. SCOTT CARRUTHERS, APC, Including Litigation Notes." Dkt. No. 90-1. Plaintiff asserts that "[a]lthough Mr. Carruthers has stated that he 'will produce' responsive documents at some undefined time, the CARRUTHERS Defendants have failed to provide all responsive documents." *Id.* In response, defendants make a passing reference to "an intrusion into attorney work product" and state that plaintiff "simply received the assurance [of production] but did not request more." Dkt. No. 95.

The parties have not made clear what is the dispute that they want the Court to resolve. By February 6, 2015, the parties must meet and confer and file a joint statement limited to 3 pages explaining (1) which part of the requested collection and litigation file defendants are refusing to produce; (2) the specific grounds for objecting to the production; (3) what is plaintiff's response to those objections; and (4) what is the proposed deadline for

Case No. 13-cv-00704 NC
DISCOVERY ORDER                3

production of any documents that defendants have agreed to produce.

**B.  Plaintiff's Motion to Compel, Dkt. No. 91**

### 1. Motion to compel the deposition of defendants East and Mountain Lion

Plaintiff seeks sanctions under Fed. R. Civ. P. 37(d)(3), or in the alternative, to compel the depositions of defendants Judith East and Mountain Lion Acquisitions, Inc. in San Jose due to their failure to appear at their depositions noticed for January 7 and 8, 2015, respectively.  Dkt. Nos. 91-1; 91-11; 91-19.  Defendants respond that plaintiff unilaterally set the dates for the depositions and did not even attempt to meet and confer about it in advance.  Dkt. No. 97.  Plaintiff does not dispute that her counsel did not meet and confer about the dates in advance, but instead implies that it was defendants' counsel's responsibility to initiate the meet and confer regarding the deposition schedule.

Civil Local Rule 30-1 provides that "*before noticing* a deposition of a party or witness affiliated with a party, *the noticing party* must confer about the scheduling of the deposition with opposing counsel or, if the party is pro se, the party."  Civ. L.R. 30-1 (emphasis added).  "A party noticing a deposition of a witness who is not a party or affiliated with a party must also meet and confer about scheduling, but may do so after serving the nonparty witness with a subpoena."  *Id.*  Plaintiff's request for sanctions is denied due to her failure to comply with Civil Local Rule 30-1.  Plaintiff's motion to compel the depositions of Judith East and Mountain Lion Acquisitions, Inc. is GRANTED IN PART.  The depositions must be conducted on a mutually agreeable date no later than February 13, 2015, but need not be in San Jose.

### 2. Motion to compel the depositions of non-parties Maxwell and Yao

Plaintiff also seeks to compel the depositions of non-parties Venus Yao and Andy Maxwell in San Jose due to their failure to appear at their depositions noticed for January 7 and 8, 2015, respectively.  Dkt. Nos. 91-1; 91-7; 91-15.  Again, plaintiff's counsel did not comply with the meet and confer requirement of Civil Local Rule 30-1.

In addition, plaintiff did not serve Venus Yao with a subpoena for the January 7, 2015, deposition.  Instead, plaintiff relies on a subpoena dated November 26, 2013, Dkt.

No. 91-8 at 5, a declaration stating that a subpoena was served on Venus Yao on December 3, 2013, but failing the specify the manner of service, *id.* at 10, and a notice of the January 7, 2015, deposition served by mail at the address of D. Scott Carruthers, a Professional Law Corporation, *id.* 11-12.

"Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Plaintiff has failed to demonstrate that non-party Venus Yao was properly served with a subpoena for the January 7, 2015, deposition. On this basis, and because plaintiff did not meet and confer about the scheduling of the deposition, the motion to compel the deposition of Venus Yao is DENIED.

With respect to non-party Andy Maxwell, plaintiff has not demonstrated that he was served with a subpoena. Instead, plaintiff contends that a subpoena was not necessary because Andy Maxwell is an officer, director, or managing agent of defendant Mountain Lion Acquisitions, Inc. Dkt. No. 91-1. The notice of deposition, however, does not state that Andy Maxwell is being deposed as an officer, director, or managing agent of Mountain Lion Acquisitions, Inc. Dkt. No. 91-15 at 1-2. On this basis, because plaintiff did not meet and confer about the scheduling of the deposition, and because the deposition appears cumulative to the other depositions compelled by the Court, the motion to compel the deposition of Andy Maxwell is DENIED.

The relief ordered by the Court is not based on the failure of any witnesses to appear for depositions in 2014 as those depositions were previously addressed by the Court. *See* Dkt. No. 59. The deadline to complete fact discovery is extended to February 13, 2015, only for the limited purpose of completing the depositions compelled in this order.

IT IS SO ORDERED.

Date: January 30, 2015

Nathanael M. Cousins
United States Magistrate Judge